UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMY CARONNA,

      Plaintiff,

v.                                                       Case No. 8:19-cv-2094-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

      Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.**     **Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 273-81). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 121-61, 167-74). Plaintiff then requested an administrative hearing (Tr. 269-72). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 39-52). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12-32). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.      Factual Background and the ALJ's Decision

Plaintiff, who was born in 1966, claimed disability beginning December 10, 2013 (Tr. 273). Plaintiff obtained a high school education (Tr. 306). Plaintiff's past relevant work experience included work as construction helper and insurance agent (Tr. 45-46, 307). Plaintiff alleged disability due to arthritis, back, neck injury, nerve damage, bulging disk, bone degeneration, knee damage, obesity, severe feet pain, disk degeneration, high blood pressure, and blood disorder (Tr. 305, 346).

In rendering the administrative decision, the ALJ concluded that Plaintiff engaged in substantial gainful activity from April 2016 to June 2017 and from September 2017 to December 2017 (Tr. 18). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: cervical and lumbar spine degenerative disc and joint disease; shoulder impingement; history of left ankle fracture; osteopenia; depressive disorder; and anxiety disorder  (Tr. 18). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b), except she can stand for no more than 5 hours total and for no more than 1 hour at a time in an 8-hour workday, and walk for no more than 5 hours total and for no more than 1 hour at a time in an 8-hour workday and remains able to no more than frequently reach, handle, finger, feel, push, and pull with the bilateral upper extremities, and remains able to no more than frequently operate foot controls with the bilateral lower extremities (Tr. 20). "The claimant can never climb ladders, ropes, or scaffolds, and no more than occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to

hazards, humidity/wetness, temperature extremes, pulmonary irritants, and vibration. The claimant can no more than occasionally operate a motor vehicle. The claimant remains able to perform only simple, routine tasks involving no more than occasional contact with co-workers, supervisors, and the general public, and involving only little or gradual workplace change"(Tr. 20). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 23).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 24). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a marker/pricer, mail clerk, and cleaner housekeeper (Tr. 25). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 25).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues that the ALJ erred by asking the VE a vague, ambiguous, and/or incomplete hypothetical. For the following reasons, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

When employing a vocational expert, the ALJ must pose hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th. Cir. 2002). (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th. Cir. 1999). Where the hypothetical question posed to a VE does not comprehensively describe all of the claimant's impairments and limitations, the decision of the ALJ, based significantly on the VE's testimony, is unsupported by substantial evidence. *Pendley v. Heckler*, 767 F.2d 1561, 1562-63 (11th. Cir. 1985) (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th. Cir. 1980)). However, an ALJ need not include findings in the hypothetical that the ALJ has properly discounted or rejected as unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th. Cir. 2004).

Plaintiff contends that ALJ erred by providing a hypothetical to the vocational expert that was vague, ambiguous, and incomplete and the decision erroneously relied on the response from the vocational expert. (Doc. 19, at 8). Specifically, Plaintiff argues that the response from the vocational expert was based on an assumption that the claimant could be on her feet for two hours at a time, with walking and standing up to one hour at a time. (*Id*.). Plaintiff contends that the ALJ probably intended that her hypothetical meant that the claimant could be on her feet for one hour at a time and for five hours out of an eight-hour workday, but would need to sit about three hours intermittently. (*Id*.). Thus, had the vocational expert been advised correctly, his opinion may have been different. (*Id*.) However, the Commissioner contends that the ALJ's RFC determination, as well as her hypothetical question to the VE fully and properly accounted for the opinion of consultative examiner Bhupendra K. Gupta, M.D. that Plaintiff could stand or walk for a total of 5 hours in an 8-hour workday for no more than 1 hour at a time, and could sit for a total of 6 hours in an 8-hour workday for no more than 4 hours at a time (Doc. 19, at 10); (Tr. 20, 46-48, 648).

Here, the ALJ did not err, as she provided a thorough description of the Plaintiff's impairments and limitations and her decision was based on substantial evidence, specifically the opinion of Dr. Gupta (Tr. 638-653). Notably, the ALJ first asked the VE if he reviewed the vocational exhibits, to which the VE stated he did. (Tr. 45). Further the ALJ provided a comprehensive description of the impairments specifically noting from Dr. Gupta's examination that claimant was found to be able to "[s]it six hours out of an eight-hour workday, stand five hours out of an eight-hour workday up to *one hour* at a time and walk five hours out of an eight-hour workday up to *one hour* at a time." (*Id*.) (emphasis added). Upon posing the hypothetical, the VE testified that Plaintiff could perform the work of a marker pricer, mail clerk, and housekeeper. (Tr. 47-48). The VE further stated:

6

> the limitation with standing and/or walking really is consistent with light work. Generally in the national economy, we would expect two uninterrupted hours of work before any kind of break, two hours, two consecutive hours of work. The limitation at *one hour* of standing and/or walking before a break or needing to change position is really appropriate for the break schedule that we generally experience in the national economy.

(Tr. 48)(emphasis added). Given this statement, it evident that the VE understood the hypothetical presented, based upon Dr. Gupta's opinion, and took into account that Plaintiff could only be on her feet, such as stand/walk, up to one hour at a time as is consistent with light work. The ALJ additionally asked the VE if any jobs are available if Plaintiff could only "stand and walk to two hours out of an eight-hour workday retaining the limitation of *one hour* at a time." (Tr. 46)(emphasis added). The VE testified that a person with such a limitation could perform the work of a document preparer like in a scanning department. (*Id*.). Thus, the hypothetical was not vague nor ambiguous and accounted for all of Plaintiff's impairments while relying upon the opinion of Dr. Gupta. As such, the ALJ did not err in her determination and applied the correct legal standards and her decision is supported by substantial evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 27th day of August, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

7